**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02594-WJM-CBS

CHAD M. WIESE,

    Plaintiff,

v.

IES COMMERCIAL, INC.,

    Defendant.

---

**PARTIES AGREED ELECTRONIC DISCOVERY ORDER**

---

Fed. R. Civ. P. 26(b)(2)(c) and 26(g)(1)(B)(iii) require that discovery in civil cases be proportional to what is at issue in the case, and require the Court, upon motion or on its own, to limit the frequency or extent of discovery otherwise allowed to ensure that discovery is proportional. This Discovery Order is issued in furtherance of this obligation. Having reviewed the pleadings and other relevant docket entries, the Court enters the following Discovery Order that will govern discovery in this case, absent further order of the Court or stipulation by the parties. This Discovery Order shall be read in conjunction with the Scheduling Order in this case, which provides discovery deadlines.

1. ***Disclosure of Damage Claims and Relief Sought.*** The Plaintiff anticipates this case will be set for trial in 2015 and that as of the time of trial Plaintiff's back pay will total approximately two years of back pay, or $84,000. Plaintiff may also seek other relief, including front pay and liquidated damages. Defendant anticipates disputing Plaintiff's damages and may assert Plaintiff has failed to mitigate his damages and failed to accept an unconditional offer of reinstatement.

2. ***Scope of Discovery – Proportionality.*** Pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii), the discovery in this case shall be proportional to what is at issue in the case. To achieve this goal, and pursuant to Fed. R. Civ. P. 26(b)(1), discovery will be conducted in phases, as follows.

   a. ***Phase 1 Discovery.*** The first phase of discovery should focus on the facts that are most important to resolving the case, whether by trial, settlement or dispositive motion. Accordingly, the parties' Phase 1 Discovery may seek facts that are not privileged or work product protected, and that *are likely to be admissible* under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. Phase 1 Discovery is intended to be narrower than the general scope of discovery stated in Rule 26(b)(1) ("discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense," even if not admissible, if "reasonably calculated to lead to the discovery of admissible evidence" (emphasis added)). Discovery sought during Phase 1 Discovery may not be withheld on the basis that the producing party contends that it is not admissible under the Federal Rules of Evidence, if it otherwise is within the scope of discovery permitted by Rule 26(b)(1), as modified by this Order. Rather, a party from whom discovery is sought ("Producing Party") by an adverse party ("Requesting Party") must produce requested Phase 1 Discovery subject to any evidentiary objections, which must be stated with particularity.

   b. ***Phase 2 Discovery.*** Unless the parties stipulate otherwise, the Court, upon a showing of good cause, may permit discovery beyond that obtained under Phase 1 Discovery. In Phase 2 Discovery, the parties may seek discovery of facts that are

not privileged or work product protected, are *relevant* to the claims and defenses pleaded or more generally to the subject matter of the litigation, and are not necessarily admissible under the Federal Rules of Evidence, but are likely to lead to the discovery of admissible evidence.  A showing of good cause must demonstrate that any additional discovery would be proportional to the issues at stake in the litigation, taking into consideration the costs already incurred during Phase 1 Discovery and the factors stated in Rule 26(b)(2)(C)(i)– (iii).  If the Court determines that additional discovery is appropriate, the Requesting Party will be required to show cause why it should not be ordered to pay all or a part of the cost of the additional discovery sought.

3. *Cooperation During Discovery.*  The parties and counsel are expected to work cooperatively during all aspects of discovery to ensure that the costs of discovery are proportional to what is at issue in the case, as more fully explained in *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2009).  The failure of a party or counsel to cooperate will be relevant in resolving any discovery disputes, including whether the Court will permit discovery beyond Phase 1 Discovery and, if so, who shall bear the cost of that discovery.  Whether a party or counsel has cooperated during discovery also will be relevant in determining whether the Court should impose sanctions in resolving discovery motions.

4. *Discovery Motions Prohibited Without Pre-Motion Conference with the Court*.
   a. No discovery-related motion may be filed unless the moving party attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve

   it informally. If the Court does not grant the request for a conference, or if the conference fails to resolve the dispute, then upon approval of the Court, a motion may be filed.

   b. Unless otherwise permitted by the Court, discovery-related motions and responses thereto will be filed in letter format and may not exceed five, single-spaced pages, in twelve- point font.  Replies will not be filed unless requested by the Court following review of the motion and response.

5. *Production of Electronically Stored Information*

Production of electronically-stored information (ESI) shall be governed as follows:

   a. Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:

   i. **COMPETING PROPOSALS**

   ~~Plaintiff's Proposal: From not more than twenty (20) key custodians;~~

   ~~Defendant's Proposal: From the following five custodians: Chad Wiese, Arthur Cabrera, Blair Hubuda, Sarah Elms, and Darcia Perini. At the time of his discharge, Mr. Hubuda was Plaintiff's immediate supervisor, Arthur Cabrera was the Plaintiff's manager, and Ms. Elms and Ms. Perini were the involved human resources representatives.~~

   ii. ~~that was created more than two (2) before the filing of the lawsuit;~~

   created prior to November 20, 2011 or after September 23, 2013;

   iii. from sources that are not reasonably accessible without undue burden or cost; or

   iv. for more than 80 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other

        search methodologies), and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

  b. Parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, including appropriate use of computer-assisted search methodology.

6. ***Duty to Preserve Evidence, Including ESI, that is Relevant to the Issues that Have Been Raised by the Pleadings.***

  a. The parties are under a common-law duty to preserve evidence relevant to the issues raised by the pleadings.

  b. In resolving any issue regarding whether a party has complied with its duty to preserve evidence, including ESI, the Court will consider, *inter alia*:

    i. whether the party under a duty to preserve ("Preserving Party") took measures to comply with the duty to preserve that were both reasonable and proportional to what was at issue in known or reasonably-anticipated litigation, taking into consideration the factors listed in Fed. R. Civ. P. 26(b)(2)(C);

    ii. whether the failure to preserve evidence was the result of culpable conduct, and if so, the degree of such culpability;

    *iii.*    the relevance of the information that was not preserved;

    *iv.*    the prejudice that the failure to preserve the evidence caused to the Requesting Party;

    *v.*    whether the Requesting Party and Producing Party cooperated with each other regarding the scope of the duty to preserve and the manner in which it was to be accomplished; and

    *vi.*    whether the Requesting Party and Producing Party sought prompt resolution from the Court regarding any disputes relating to the duty to preserve evidence.

7. ***Non-Waiver of Attorney–Client Privilege or Work Product Protection.*** As part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non- waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney–client privileged or work product protected.

In accordance with Fed. R. Evid. 502(d), except when a party intentionally waives attorney–client privilege or work product protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of attorney–client privileged or work product protected information pursuant to a non-waiver agreement entered into under Fed. R. Evid. 502(e) does not constitute a waiver in this proceeding, or in any other federal or

state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Fed. R. Evid. 502(e). However, a party that produces attorney–client privileged or work product protected information to an adverse party under a Rule 502(e) agreement without intending to waive the privilege or protection must promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney–client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it.

Respectfully submitted this 10th day of January, 2014.

| *s/ George C. Aucoin, Jr.* | *s/ Conrad S. Kee* |
|---|---|
| George C. Aucoin, Jr.<br>311 Forest Brook Boulevard<br>Mandeville, LA 70448<br>aucoingc@att.net<br>ATTORNEY FOR PLAINTIFF | Conrad S. Kee<br>Veronica T. von Grabow<br>JACKSON LEWIS P.C.<br>950 17th Street, Suite 2600<br>Denver, CO 80202<br>(303) 892-0404 – Telephone<br>(303) 892-5575 – Facsimile<br>KeeS@jacksonlewis.com<br>Veronica.vonGrabow@jacksonlewis.com<br>ATTORNEYS FOR DEFENDANT |

**DATED the 6th day of February, 2014.**

SO ORDERED:

   s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 10th day of January, 2013, I served a true and correct copy of the **PARTIES AGREED ELECTRONIC DISCOVERY ORDER** with the Clerk of the Court via CM/ECF, which will send an email notification to the following:

George C. Aucoin, Jr.
311 Forest Brook Boulevard
Mandeville, LA 70448
aucoingc@att.net

                                *s/ Dayana Lopez*
                                for Jackson Lewis P.C.